IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROBERT BURRELL JOHNSON                                                    PLAINTIFF

V.                             NO. 12-2281

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration          DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Robert Burrell Johnson, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed his applications for DIB and SSI on April 28, 2010, alleging an inability to work since April 17, 2010, due to "1. Heart problems 2. High blood pressure." (Tr. 109-110, 116-120, 149, 154). An administrative hearing was held on June 24, 2011, at which Plaintiff appeared with counsel and testified. (Tr. 23-49).

By written decision dated November 30, 2011, the ALJ found that during the relevant

---

[1] Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

time period, Plaintiff had an impairment or combination of impairments that were severe - cardiomyopathy,[2] hypertension, obesity, and obstructive sleep apnea. (Tr. 12). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a).

(Tr. 14). With the help of the vocational expert (VE), the ALJ determined that Plaintiff was unable to perform any past relevant work. (Tr. 17). As the ALJ found that Plaintiff did not have any non-exertional limitations, he used as a framework section 205.00 in the Medical-Vocational Guidelines, and concluded that a finding of "not disabled" was directed by Medical-Vocational Rule 201.28. (Tr. 18).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on October 17, 2012. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). Both parties have filed briefs and this case is before the undersigned for report and recommendation. (Docs. 12, 13).

**II.    Applicable Law:**

The Court's role is to determine whether the Commissioner's findings are supported by

---

[2]"Cardiomyopathy is a disease of the heart muscle. The heart loses its ability to pump blood (heart failure), and in some instances, heart rhythm is disturbed, leading to irregular heartbeats (arrhythmia). Usually, the exact cause of the muscle damage is never found (idiopathic cardiomyopathy). There are various types of cardiomyopathy, which fall into two major categories: *Ischemic* and *nonischemic* cardiomyopathy. Ischemic cardiomyopathy typically refers to heart muscle damage that results from coronary artery disease, including heart attacks. Nonischemic cardiomyopathy includes sever types: Dilated, hypertrophic, and restrictive. We will evaluate cardiomyopathy under 4.02, 4.04, 4.05, or 11.04, depending on its affects on you." 20 C.F.R. § 404, subpt. P, app. 1 § 4.00(H)(3).

substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massananari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantially gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for longer than at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listing; (4) whether the impairment(s) prevented the claimant from

-3-

doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schweiker, 683 F.3d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III:   Discussion:**

The Court is troubled by the fact that Plaintiff complained for some time about his hands going numb and tingling on occasion, and on September 14, 2011, only a few weeks prior to the ALJ's decision, Dr. David Oberlander, of Conway Neurology, examined Plaintiff and concluded that there was "support for clear cut, bilateral median nerve compression at the wrist-carpal tunnel syndrome, otherwise normal NCS-EMG study." (Tr. 469). The ALJ also had before him the Medical Source Statement of Ability to do Work-Related Activities (Physical) dated December 9, 2010, completed by Plaintiff's treating physician, Dr. Rowland Stewart, who opined that Plaintiff was limited in his upper and lower extremities and was limited in reaching all directions (including overhead) and fingering (fine manipulation) because of essential tremor. (Tr. 348, 350). The Physical RFC Assessment performed by Dr. Ronald Crow was given prior to Dr. Oberlander's nerve conduction study report. The Court recognizes that Dr. Oberlander reported that Plaintiff's strength in his upper and lower extremities was 5/5, his fine motor skills were normal in both hands, and he showed normal sensation to pin prick and light touch.. (Tr. 318, 466). However, the Court does not believe there is substantial evidence to support the ALJ's RFC assessment, since there are inconsistencies the medical records regarding Plaintiff's hand and wrist condition. Therefore, the Court believes it is necessary to remand this matter to

AO72A
(Rev. 8/82)

the ALJ in order for him to more fully and fairly develop the record regarding Plaintiff's alleged carpal tunnel syndrome.

On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated or treated Plaintiff, asking them to review Plaintiff's medical records and to complete a RFC Assessment regarding Plaintiff's capability during the time in question, and to give the objective basis for their opinions so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis.

**IV.     Conclusion:**

Accordingly, the Court recommends that this matter be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 18th day of November, 2013.

/s/ *Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE