IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FT. SMITH DIVISION

ROBERT B. JOHNSON                                                    PLAINTIFF

V.                              NO. 12-2281

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration            DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Robert B. Johnson, appealed the Commissioner's denial of benefits to this Court. On December 12, 2013, a Judgment was entered remanding this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 17). Plaintiff now moves for an award of $3,688.80 in attorney's fees under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 18.70 attorney hours of work performed before the Court in 2012 and 2013, at an hourly rate of $174.00, and for 5.80 paralegal hours of work performed before the Court in 2012 and 2013, at an hourly rate of $75.00. (Doc. 19-3). Defendant has filed a response, stating that she does not object to the amount of EAJA fees Plaintiff requests.

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986).

-1-

Under <u>Shalala v. Schaefer</u>, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the novelty and difficulty of questions involved; the skill required to handle the problems presented; the preclusion of employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the attorney's experience, reputation and ability; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 430 (1983).

However, the EAJA is not designed to reimburse without limit. <u>Pierce v. Underwood</u>, 487 U.S. 552, 573 (1988). The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. <u>Clements v. Astrue</u>, 2009 WL 4508480 (W.D. Ark. Dec. 1, 2009); <u>see also</u> <u>Decker v. Sullivan</u>, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of

the work."  Id.  Where documentation is inadequate, the Court may reduce the award accordingly.  Hensley, 461 U.S. at 433 (1983).

Plaintiff's attorney requests an award under the EAJA at an hourly rate of $174.00 for 18.70 attorney hours, and an hourly rate of $75.00 for 5.80 paralegal hours, which he asserts were devoted to the representation of Plaintiff in this Court in 2012 and 2013. The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable.  Hensley, 461 U.S. at 437.   Attorney fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).  In Johnson v. Sullivan, 919 F.2d 503 (8th Cir. 1990), the Court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [the maximum statutory hourly rate]," such as a copy of the Consumer Price Index (CPI).   Plaintiff's counsel submitted a CPI-Urban in support of his requested hourly rate.  Amended General Order 39 provides that the CPI-South index is to be used in computing cost of living increases.  The Court finds that the CPI - South index supports an award based upon an attorney hourly rate of $174.00.[1] See Johnson, 919 F.2d at 505.

The Court will next address the number of hours Plaintiff's counsel has alleged he spent in this matter.

---

[1]Per Amended General Order 39, the allowable rate for each year is as follows, and for simplicity sake, the figure is rounded to the nearest dollar:
2012 - 219.469 x 125 divided by 152.4 (March 1996 CPI-South)= $180.01 hour - $180.00
2013 - 223.109 x 125 divided by 152.4 (March 1996 CPI-South) = $182.99/hour - $183.00
2014 - 227.082 x 125 divided by 152.4 (March 1996 CPI-South) = $186.25 hour - $186.00

AO72A
(Rev. 8/82)

Plaintiff's counsel lists the following entries as work performed by him and his paralegal:

| | | |
|---|---|---|
| 11/13/12 | Paralegal letter to Plaintiff re. Verified that court action been filed | .10 |
| 11/14/12 | Attorney received and reviewed Order Granting In Forma Pauperis | .05 |
| 11/20/12 | Paralegal prepared service of summons upon Defendant | .50 |
| 11/20/12 | Attorney received and reviewed Order of Consent To Exercise Jurisdiction by U.S. Magistrate | .05 |
| 12/03/12 | Paralegal prepared and scanned Affidavit of Service to clerk, Office of General Counsel, Attorney General of U.S., U.S. Attorney | .40 |
| 1/3/13 | Attorney received and reviewed Text Memo Of Reassignment | .10 |
| 2/19/13 | Paralegal submitted brief using CM/ECF | .50 |
| 12/12/13 | Paralegal/Plaintiff letter re: copy of Order and Judgment to Reverse and remand case to Commissioner for Further Consideration Pursuant to Sentence Four | .30 |

These tasks are clerical in nature and cannot be compensated under the EAJA. Granville House, Inc. v. Department of HEW, 813 F.2d 881, 884 (8th Cir.1987) (work which could have been completed by support staff is not compensable under the EAJA). Further, even though some of the time was performed by a paralegal, clerical work performed by a paralegal cannot be compensated under the EAJA. See Missouri v. Jenkins by Agyei, 491 U.S. 274, 288 (1989)(Paralegal work is work that might otherwise be performed by a lawyer, such as factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories, and document production; compilation of statistical and financial data; checking

-4-

legal citations; and drafting correspondence. Purely clerical or secretarial tasks should not be billed at a paralegal rate); <u>Miller v. Alamo</u>, 983 F.2d 856, 862 (8th Cir. 1993)(Work done by paralegals is compensable if it is work that would have been done by an attorney, such as going to the library to locate cases and preparing materials used by an attorney at oral argument). The Court therefore recommends deducting .20 hours from the requested attorney hours, and 1.8 hours from the requested paralegal hours.

Plaintiff's counsel seeks 2.00 paralegal hours for "Paralegal prepared and filed Plaintiff's Motion and Brief for award of Attorney Fees Pursuant to the Equal Access to Justice Act...." The Court believes that the time claimed for preparing what appears to be the standard fee petition and brief submitted by Plaintiff's counsel in social security cases is excessive. The Court therefore recommends deducting 1 paralegal hour from the time claimed.

In his response, Defendant asks the Court to designate Plaintiff as payee of the EAJA award, and not Plaintiff's counsel. Based upon the holding in <u>Astrue v. Ratliff</u>, 130 S.Ct. 2521 (2010), the EAJA award should be paid directly to Plaintiff.

Based upon the foregoing, the Court recommends that Plaintiff 's counsel should be awarded an attorney's fee under the EAJA for: 18.50 attorney hours in 2012 and 2013 (18.70 hours less .20 hours) at an hourly rate of $174.00, and paralegal fees for 3 hours ( 5.80 hours less 2.80 hours) at an hourly rate of $75.00, for a **total award of $3,444.00.**  This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent

AO72A
(Rev. 8/82)

double recovery by counsel for the Plaintiff.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of March, 2014.

/s/ Erin L. Setser

HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-6-